## MARK DAVIS *v.* MARSHALL & JAMES.

The plaintiff sued the defendants as joint proprietors of an adjoining lot, for one-half the cost of a party wall. *Held:* Where the defendants purchased the lot after the wall had been reconstructed and paid for by plaintiffs, and their vendor testified that he made no arrangement either with his vendor, or with the defendants about the payment of the party wall, and there was no evidence before the court that the defendants had subsequently *used* the party wall thus reconstructed, there should be a judgment as of nonsuit. *By the Court*—It is unnecessary now to decide whether a privilege would arise upon the adjoining proprietors using a party wall reconstructed before he acquired the adjoining estate; or whether, if his vendor had used the reconstructed wall before selling, there would be a privilege following the property sold into the hands of such vendee.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.

*Gedge & Hagan*, for plaintiff. *Le Gardeur*, for defendant and appellant.

SLIDELL, C. J. The plaintiff sues the defendants as joint proprietors of an adjoining lot for one-half of the cost of a party wall. It appears the original party wall was so damaged by fire in the spring of 1851, that it was necessary to demolish and rebuild it. There was judgment against the defendants *in solido*, for the amount claimed, and they have appealed.

---

*Authorities referred to by the court : *State* v. *Buchanan*, 18 L. R. 575 ; *State* v. *Judge of First District*, 19 L. R. at page 178.

The defendants purchased the lot from *Montgomery* on the 10th July, 1851, after the reconstruction of the wall was finished and paid for by plaintiff, *Conrey*, who sold the property to *Montgomery*, on the 8th July, 1851, testifies that he made no arrangement with *Montgomery* or with defendants about the payment of the party wall, and a bill of plaintiff for one-half the cost was made out against *Conrey*, under date of July 2, 1851. The only evidence of a personal undertaking to pay this amount is the testimony of the plaintiff's agent respecting a conversation with *James*. The District Judge considered this testimony as showing a promise by *James* to pay.

We are unable to concur in this conclusion, and think there should be judgment as in case of nonsuit.

It is proper to observe that we have not distinct evidence before us that *James* and *Marshall* subsequently used the party wall thus reconstructed; and that it is unnecessary now to decide whether a privilege would arise upon the adjoining proprietors using a party wall reconstructed before he acquired the adjoining estate, or whether if his vendor had used the reconstructed wall before selling, there would be a privilege following the property sold into the hands of such vendee.

Judgment reversed and judgment as in case of nonsuit; plaintiff to pay costs in both courts.